UNITED STATES, PLAINTIFF, *v.* DAVID W. SHINEMAN and NAUTILUS YACHT SALES, INC., D.B.A. IMEX TRADING CO., DEFENDANTS

Court No. 82-6-00837

BERNARD NEWMAN, *Judge.*

(Dated September 17, 1982)

*J. Paul McGrath,* Assistant Attorney General (*David M. Cohen,* Director, Commercial Litigation Branch and *Sandra P. Spooner, Esq.*); *Allen L. Martin,* Assistant Regional Counsel, Office of the Regional Counsel, United States Customs Service, for the plaintiff.

*Hillman, Brown & Darrow, Esqs.* (*Michael P. Darrow, Esq.,* of counsel) for the defendants.

BERNARD NEWMAN, *Judge:* The United States commenced this action on June 11, 1982 seeking to recover civil penalties under 19 U.S.C. § 1592 ("section 592"), charging defendants with violating that statute by the making of materially false statements or omissions in connection with three consumption entries filed with Customs at Baltimore, Maryland in 1976.

Defendants have moved to dismiss, contending that the Court of International Trade lacks subject matter jurisdiction, and relying on *United States* v. *Digital Equipment Corp.,* 3 CIT 52 (1982). In that case, our late esteemed colleague, Judge Scovel Richardson, held that while the Customs Courts Act of 1980 granted the Court of International Trade exclusive jurisdiction over *in personam* pen-

alty actions arising under section 592, as amended by the Customs Procedural Reform and Simplification Act of 1978, Pub. L. No. 45-910, 92 Stat. 888,[1] the Court of International Trade does not have jurisdiction over *in rem* penalty actions arising under former section 592. Judge Richardson, then, determined that the action before the Court in *Digital Equipment* was under the *in rem* provisions of former section 592, and accordingly dismissed the action for lack of jurisdiction.[2]

Responding to defendants' motion to dismiss, the Government cites two recent rulings by Judge Maletz subsequent to the *Digital Equipment* decision by Judge Richardson: *United States* v. *Accurate Mould Co. and John V. Carr & Sons, Inc.,* 4 CIT 81 (1982); and *United States* v. *Digital Equipment Corp.,* 4 CIT 83 (1982).

In *Accurate Mould,* Judge Maletz held that the decision in *Digital Equipment* (3 CIT 52, *supra*) was erroneous, since 28 U.S.C. § 1582(1) granted the Court of International Trade exclusive jurisdiction over *any* action brought under section 592, irrespective of whether the action was brought under the present provision of section 592 or under the provision which was in effect prior to the amendments made by the Customs Procedural Reform and Simplification Act of 1978. Further, Judge Maletz found that under section 1582 the Court's jurisdiction is not limited by the date of importation.

In *Digital Equipment* (4 CIT 83, *supra*), Judge Maletz granted a motion for rehearing and vacated the order of January 29, 1981 (3 CIT 52), citing *Accurate Mould.* Plainly, then, *Digital Equipment* cannot provide a basis for dismissal of the present action for lack of jurisdiction.

Following the authority of *Accurate Mould,* I conclude that the Court of International Trade has subject matter jurisdiction over the present action, whether the action is characterized as *"in rem"* or *"in personam"*.

Accordingly, defendants' motion to dismiss for lack of jurisdiction is denied.[3]

---

[1] The 1978 act, *inter alia,* changed the penalty for violation of section 592 "from an in rem penalty, forfeiture of the merchandise, to an in personam penalty, a monetary liability of the importer." S. Rep. No. 95-778, May 2, 1978 (to accompany H.R. 8149), p. 19, reprinted in 3 U.S. Cong. & Adm. News '78, p. 2230.

[2] A motion for rehearing was filed in *Digital Equipment* on February 26, 1982, which motion was acted upon by Judge Maletz after the untimely demise of Judge Richardson. See discussion of 4 CIT 83 (August 12, 1982), *infra.*

[3] Interestingly, in a protective suit filed by the Government in the United States District Court for the District of Maryland on June 10, 1982 (Case No. B82-1566), these very defendants have moved to dismiss the complaint contending that the Court of International Trade has exclusive jurisdiction over this penalty action; and the Government has moved to suspend the proceedings in the District Court pending resolution of the jurisdictional issue in this Court.